# IN THE COURT OF APPEALS OF IOWA

No. 15-1764
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KATIE JO BENNETT,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Benton County, Mary E. Chicchelly,

Judge.


        A defendant appeals her conviction for assault causing bodily injury.

**AFFIRMED.**


        John J. Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Katie Jo Bennett challenges her conviction for assault causing bodily injury following a nonjury trial. After hearing two prosecution witnesses and two defense witnesses, the district court decided the State proved beyond a reasonable doubt that Bennett punched Deanna Dunning in the eye, causing swelling and bruising. Bennett denies leveling the blow and faults the district court for believing Dunning's testimony. Deferring to the court's credibility determination, we find substantial evidence to uphold the conviction.

Bennett and Dunning trace their friendship back to elementary school but recently had a falling out over Bennett's allegation Dunning had sex with "the guy [Bennett] was dating." After Bennett voiced her grievance in vulgar terms to Dunning's school-aged daughter, Dunning drove to Bennett's residence to say "leave the children out of it." They exchanged words in Bennett's driveway. Dunning claims Bennett reached through the open car window and punched her in the eye. Another witness, Jon Meeland, the father of Bennett's children, heard a loud encounter between Bennett and Dunning but did not see the fight turn physical. Dunning called police after she returned home, within about an hour of being struck. Police officer Matthew Stombaugh responded to Dunning's call—noting she was upset, had a red mark under her left eye, and was unsure whether she wanted charges to be filed against Bennett.

The State charged Bennett with assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2(2) (2013). Bennett waived her right to a jury trial. On August 17, 2015, the district court heard evidence from Dunning, Stombaugh, Meeland, and Bennett. The court issued its findings

of fact and guilty verdict on August 31, 2015. Bennett appeals, challenging only the sufficiency of the State's proof.

We review the district court's "findings in a jury-waived case as we would a jury verdict." *See State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000). If the court's verdict is supported by substantial evidence, we will affirm. *See id.* Generally, we leave credibility determinations for the trier of fact; it stands in a better position to evaluate them. *See id.* at 804.

On appeal, Bennett claims Dunning was the aggressor during the driveway incident. The defense contends both Bennett and Meeland testified "the only thing that happened that day was a verbal argument." The defense acknowledges Dunning told the court she was punched by Bennett but urges Dunning had "reasons to make a false allegation."

Bennett's argument cannot prevail in the deferential atmosphere of this substantial-evidence appeal. "The court as fact finder could believe some of the testimony, all of the testimony, or none of it." *State v. Lopez*, 633 N.W.2d 774, 786 (Iowa 2001). Here, the court believed Dunning's testimony that Bennett punched her and caused the bruising to her face. The court found Dunning's testimony credible because it was "virtually identical to the account of the incident she gave to Officer Stombaugh on the date of the incident." Conversely, the court did not believe Bennett's claim she did not strike Dunning and "that Dunning must have struck herself." As for Meeland, the court found he gave credible testimony but was "not present to observe" the physical altercation that took place when he went inside Bennett's residence.

Granting due respect to the district court's assessment of witness credibility, we find substantial evidence to support the court's finding of guilt on the serious-misdemeanor assault offense.

**AFFIRMED.**